**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-5051**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

ANTONIO STOWE MCDANIEL, a/k/a Fatal Fatal,

             Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:05-cr-00014)

Submitted: June 2, 2008                     Decided: August 25, 2008

Before TRAXLER, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Matthew Collin Joseph, Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Matthew T. Martens, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Stowe McDaniel was charged with one count of possessing more than five grams of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (2000) ("Count One"); one count of possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2000) ("Count Two"); one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g) (2000) ("Count Three"); and one count of possession of body armor by a felon convicted of a crime of violence, in violation of 18 U.S.C. § 931(a)(1) (2000) ("Count Four"). (JA 10-11). McDaniel pled guilty to Count Four. Following a jury trial, McDaniel was convicted of Counts One, Two and Three. On appeal, McDaniel challenges the sufficiency of the evidence on Counts One and Two. For the following reasons, we affirm.

Because McDaniel did not make a Fed. R. Crim. P. 29 motion for judgment of acquittal in the district court, our review is limited to plain error. United States v. Wallace, 515 F.3d 327 (4th Cir. 2008). To establish plain error, McDaniel must show that an error occurred, that it was plain, and that it affected his substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993). Even when these conditions are satisfied, this court will only exercise its discretion to correct the error if it "seriously

affect[s] the fairness, integrity, or public reputation of judicial proceedings."  Id. at 736.

The elements of a § 841(a) offense are: "(1) possession of the narcotic controlled substance, (2) knowledge of the possession, and (3) intent to distribute the narcotic controlled substance."  United States v. Randall, 171 F.3d 195, 209 (4th Cir. 1999).  The possession element may be established by proof of actual or constructive possession.  United States v. Burgos, 94 F.3d 849, 873 (4th Cir. 1996); United States v. Rusher, 966 F.2d 868, 878 (4th Cir. 1992).  "A person has constructive possession of a narcotic if he knows of its presence and has the power to exercise dominion and control over it."  United States v. Schocket, 753 F.2d 336, 340 (4th Cir. 1985).

To establish a violation of 18 U.S.C. § 924(c), the Government must prove that the firearm "furthered, advanced, or helped forward a drug trafficking crime."  United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002).  Factors that might lead a reasonable trier of fact to conclude that the requisite nexus existed between the firearm and the drug offense include: "'the type of drug activity that is being conducted, accessibility of the firearm, the type of weapon . . . , whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found.'"  Id. (quoting United States v. Ceballos-Torres,  218  F.3d  409,  414-15  (5th  Cir.  2000)).

"Ultimately, the test is whether a reasonable jury could, on the evidence presented at trial, find beyond a reasonable doubt that possession of the firearm facilitated a drug trafficking crime . . .; 'in furtherance' means that the gun afforded some advantage (actual or potential, real or contingent) relevant to the vicissitudes of drug trafficking." <u>United States v. Lewter</u>, 402 F.3d 319, 322 (2d Cir. 2005).

Our review of the record leads us to conclude that the evidence presented to the jury was sufficient to prove that McDaniel possessed with intent to distribute cocaine base and possessed a firearm in furtherance of a drug trafficking crime. Accordingly, we find no error in the jury's verdict and therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>